MARTIN & WATSON *vs.* WILLIAM O. HUTCHENS.

PROVIDENCE—APRIL 3, 1899.

PRESENT : Matteson, C. J., Tillinghast and Rogers, JJ. ·

(1)  *Abatement of Action.*

Under Gen. Laws R. I. cap. 233, §§ 7 and 8, an action within the provisions of said sections is not abated by the death of the defendant after the filing of notice of an intention to prefer petition for a new trial and within the time when said petition could be filed.

Citing *Sprague* v. *Greene*, 20 R. I. 153.

(2)  *New Trial.*

*Semble*, the remedy of an administrator desiring a new trial, if the steps required by Gen. Laws R. I. cap. 251, § 6, have not been taken, is under Gen. Laws R. I. cap. 251, § 2.

ASSUMPSIT ON BOOK ACCOUNT. Heard on petition of plaintiff for a new trial on exceptions to rulings·of Common Pleas Division denying motion of plaintiff to dismiss petition of defendant for a new trial and to enter judgment for the plaintiff. Petition for new trial granted.

(1) PER CURIAM. The death of the defendant did not abate the action. *Sprague* v. *Greene*, 20 R. I. 153; Gen. Laws R. I. cap. 233, §§ 7, 8. As the steps required by Gen. Laws R. I. cap. 251, § 6, had not been taken, in that no petition for a new trial had been filed, under the third clause of that section, at the death of the defendant, nor by his administrator after his appointment, we think the plaintiffs were entitled to judgment against the estate in the hands of the administrator, in accordance with their motion. The remedy for the administrator, if he desires a new trial and can make it appear that a new trial should be had, is under Gen. Laws R. I. cap. 251, § 2.

The case is remitted to the Common Pleas Division with direction to enter judgment for the plaintiffs on the verdict against the estate in the hands of the administrator.

*E. K. Parker*, for plaintiff.

*Van Slyck & Mumford*, for defendant.